*KEMP vs. WAMACK ET AL.*

APPEAL FROM THE COURT OF PROBATES OF THE PARISH
OF ST. HELENA,

Testimony should be weighed by probabilities, and its truth be rather ascertained in this manner, than by counting the witnesses.

The facts are stated in the opinion of the court delivered by

*Mathews, J.*

This suit was instituted in the court below, by the natural tutrix of her daughter, against the latter, the wife of the defendant, having for its object the liquidation and payment of certain disbursements and expenses, which the plaintiff alleges she made and incurred, in her capacity as tutrix of

her minor child, who was heir to her father.   The judge of
probates gave judgment against the defendants, for one thou-
sand and sixty dollars, from which they appealed.

A just decision of the case depends, principally, on mat-
ters of fact.   There is but one question of law, and that ari-
ses out of an article of our old Civil Code,  which prohibits
tutors or curators from  expending,  in the support and edu-
cation of minors,  more than the revenue of their estates.—
*See O. .C p.* 70, *art.* 60.   But this question, according to
the conclusion to which we have arrived on the facts of the
case, need not be discussed.

The whole amount of charges against the defendants, ac-
cording to the account exhibited by the tutrix, is two thousand
two hundred and fifty-four dollars.   The principal items of
which this sum is composed, are for boarding, clothing, and
educating the minor, and the cost of raising a number of
young slaves, the property of the latter.   The first of these
items is six hundred and fifty dollars ; and the whole of the
second charge amounts to one thousand four hundred and
seventy dallars.   These charges, we are of opinion should,
in pursuance of probability resulting from the testimony
of the case, be reduced one half.   As to the first, the an-
swer to interrogatories put to the defendants, corroborated
by one witness ; shews, that the services of the minor in the
household establishment of her mother was, for more than
six years of the period of thirteen during which time board
is charged against her, an equivalent for the expense of board-
ing.

The large item, of one thousand four hundred and seventy
dollars, is an aggregate of charges for supporting young ne-
groes,  previous to an age at which they may be considered
as useful ;  and  they are made at the rate of thirty dollars
per year on each head.   This we think unreasonable.   It is
true, that a majority of the witnesses introduced on this sub-
ject, thought otherwise; and the judge *a quo* seems, by count-

Testimony should be weighed by probabilities, and its truth be rather ascertained in this manner, than by counting the witnesses.

ing them, to have acquiesced in the opinion of that majority. Numeration is certainly the easiest mode by which judges can arrive at conclusions on matters of fact, supported alone by the testimony of witnesses; but the law of evidence requires that their testimony should be weighed by probabilities, and its truth be rather ascertained in this manner, than by counting numbers.

The defendants, by their answers to interrogatories, estimate the costs of raising young slaves, up to the time at which they become useful to owners, at ten dollars per annum. One of the witnesses thought that fifteen dollars would suffice to cover all necessary expenses; and to his opinion, we are disposed to give the greatest weight in the present case, as the negroes in question were nurtured on a plantation, and required, in this climate, little clothing; and were probably fed on bread and other cheap articles of clothing. We, therefore, conclude, according to the premises above stated, that the just charge, in favor of the plaintiff, for these two items, ought not to exceed one thousand and sixty dollars; to which must be added, one hundred and six dollars, paid for taxes on the defendants property; making together, one thousand one hundred and sixty-six dollars. In the account, as stated by the tutrix, the minor seems to be entitled to one thousand one hundred and twenty dollars credit; and this, without taking into consideration the interest which she had a right, by law, to claim on a capital of five hundred and ninety-two dollars, alloted to her on a partial partition of her father's estate.

From the whole evidence of the case, we are of opinion, that the plaintiff ought not to recover any thing.

It is, therefore, ordered, &c. that the judgment of the Court of Probates be avoided, reversed and annulled, and that judgment be here entered for the defendants, with costs in both courts.