## LEON DENNERY *v.* ANTONIO BISA.

In a suit for damages for failure to lease a store according to agreement, evidence of what profits other persons made in the same kind of business followed by the plaintiff, is not sufficient *per se* to warrant a judgment against the defendant *Non constat,* the plaintiff might have rented another store in which his business could have been as profitably conducted.

APPEAL from the Third District Court of New Orleans, *Kennedy,* J. *Bullard* and *Frost.* for plaintiff. *C. Roselius,* for defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff claims $8,000 damages alleged to have been sustained by him in consequence of the defendant's refusal to sub-lease to him one of the upper rooms of the tenement rented by *Bisa* from *Mrs. Jourdan,* as a coffee house, and the right to sell goods on the side-walk in front of said coffee house; this right being recognized by a municipal ordinance. There was judgment against the plaintiff as in cases of non-suit, and he appealed.

Although the alleged promise is sworn to by two witnesses, the district judge came to the conclusion that it was not satisfactorily proved. It is difficult for us to say that he did not form a proper estimate of the credibility of the witnesses; but if he did not, he was surely right in determining that sufficient data by which to estimate the damages were not furnished him. The plaintiff has shown that he had goods in a store and that his credit was good. He has then attempted to establish the profits he would have made, if the lease had been executed, by showing what profits other retailers of goods had previously made at the same place.

We have repeatedly held, that evidence of that description was insufficient *per se* to make proof of any fact. *Seaton v. Municipality Number Two,* 3d Ann. 44. *McCord v. Feliciana Rail Road,* Ib. 285.

There is nothing in the record to show that the plaintiff has been prevented from selling his goods and carrying on his business elsewhere, or that his profits have been curtailed by the alleged breach of the contract.

The judgment is therefore affirmed, with costs.