## ALEXANDER GRANT *v.* JOHN McDONOGH.

7   447
51   455
51   456
51   457

A proprietor who neglects to keep up the levees in front of his land, is bound to make indemnity for any damages resulting from the negligence.

Even where the jury are justified in allowing exemplary damages, the damages allowed should bear some proportion to those sustained.

APPEAL from the Second District Court of New Orleans. The case was tried by a jury before *Lea*, J. *J. Q. Bradford*, for plaintiff. *C. Roselius*, for defendant. By the court:

ROST, J. Plaintiff claims $31,000 damages, for the inundation of his plantation, during two successive years, alleged to have been caused by the neglect of the defendant to make and keep in repair the levees in front of his lands, adjoining that of the plaintiff, above and below.

The case was tried before a jury, who found for the plaintiff $21,960 40. The executors of the defendant, who died after the institution of this suit, have appealed from the judgment rendered on the verdict.

It may be assumed, that the plaintiff's petition sets forth a sufficient cause of action ; that the defendant was bound to indemnify him for any damages arising from his, the defendant's, negligence, in keeping up his levees in front of his lands. And, that under the facts of the case, the gross negligence of the defendant, after the repeated orders given to him, to repair his levees, was such a *quasi* offence, as left much discretion to the jury in the assessment of damages. Yet, there is a limit to that discretion, and we are of opinion that it has been far exceeded by the verdict.

*Charrier*, the plaintiff's own witness, who seems to have had better opportunities of knowing the localities than other witnesses examined, has testified, that about the same time that the water entering through the openings in one of *McDonogh's* levees, commenced flowing over the plaintiff's land, there was a caving in of part of his other levee, and another, fourteen arpents wide, on the adjoining levee on the land of *Rebise* and *Guesnard* ; and that the water continued to flow over the plaintiff's plantation during the entire season of high water of 1849.

Much is to be presumed against the defendant, by reason of his bad faith ; but crevasses fourteen arpents wide, on the banks of the Mississippi river, have never been stopped ; and the possibility of closing two breaches in the levee, in this case, should have been shown, to authorize the presumption that they would have been closed, if there had been a substantial levee on the land of the defendant.

The probable estimate of the crops which the plaintiff would have made, if he had planted them, and if he had further put up the buildings and machinery necessary to manufacture the cane into sugar, are greatly exaggerated, and would be, under any circumstances, most unsatisfactory evidence of the real damages sustained. *Seaton* v. *Municipality No. Two*, 3 Ann. 44.

No crop had ever been made on the place, and it is not shown that the plaintiff would have made one, in 1849, if the levee of the defendant had been in good order. As the loss of the seed cane, of the corn, and of the cord-wood, and the filling up of the drains, were the result of the overflow of that year, and there is no evidence that seed might have been procured to plant a crop of cane in 1850, the real damage sustained in consequence of the last overflow, was the loss of the labor of eighteen slaves during part of the year, the injury to the land and buildings, the loss of interest upon the capital, and the delay of one year in establishing the place as a sugar plantation. It is true, the jury were not restricted to the allowance of such damages as would merely indemnify the plaintiff for the injury actually proved, but we think, that under the discretion vested in them by the third paragraph of article 1928 of the code, the exemplary damages allowed should bear some proportion to the real damage sustained, and that the verdict should not have exceeded $5000 ; to this amount the judgment must therefore be reduced.

It is ordered, that the judgment in this case be reversed. It is further ordered, that there be judgment in favor of the plaintiff against the defendant's, executors of *John McDonogh*, for the sum of five thousand dollars, payable in due course of administration. The costs of the district court to be paid by the defendants ; those of this appeal by the plaintiff and appellee.

Application for re-hearing refused.