## No. 8068.

### THOMAS BERGEN VS. THE CITY OF NEW ORLEANS.

The failure of the City to pay cash each month for a contractor's work justifies him in aban-
doning his contract when such payment is expressly stipulated in it.

Expected profits from a contract to be realized in the future, which are dependent upon con-
tingencies, cannot be included in a judgment for damages for its violation, and especially
when both allegation and proof are general and vague.

A judgment against the City of New Orleans for the value of services rendered under a
contract must be paid out of the revenues of the year for which the contract was made.

APPEAL from the Fifth District Court for the Parish of Orleans.
Rogers, J.

W. S. Benedict and Jos. P. Hornor for Plaintiff and Appellee.

C. F. Buck, City Attorney, and Wynne Rogers for Defendant and
Appellant.

The opinion of the Court was delivered by

MANNING, J. The plaintiff contracted with the City to clean and
repair the streets of the Third District for two years commencing July
1, 1877, for the price and sum of fourteen thousand seven hundred and
fifty dollars per annum, payments thereof to be made cash by the City
monthly, except that ten per cent. of each monthly payment was to be
retained as guarantee.

The City did not pay the instalments later than June, 1878.   The
contractor continued his work until Dec. 17th following, when he
formally notified the City that its failure to pay him as promised com-
pelled him to cease.   He has sued for $614.55, sum total of the per-
centage retained for five months, from July to November, both
inclusive—$634.40 for work of December to day of abandonment—and
$500 of expected profits for each month of the unexpired term of the
contract.

The City pleads his abandonment of the work as a violation of the
contract which releases her from all liability.

To sustain this plea would be to enable her to take advantage of her
own wrong.   She promised to pay cash each month.   Because of that
promise, she was enabled to get a lower bid for the work than she
could otherwise have done.   Because of her failure to keep her
promise, the plaintiff was compelled to abandon work and discharge
his force, and as he alleges lose materials.   The fault was hers and
she must pay the first two items mentioned.

But we cannot include in our judgment the expected profits, which
are alleged in a round sum and proved by the plaintiff in like
manner by his own testimony.   The claim is too vague, even if it

were not open to the objection that the contemplated gain depended for realization on future contingencies that might diminish the amount, or would wholly consume it. Therefore,

It is ordered and decreed that the judgment of the lower court is amended by reducing the sum therein named to twelve hundred and forty-eight dollars and ninety-five cents, and as thus amended it is affirmed, the plaintiff to pay the costs of appeal.

### On Application for Rehearing.

The defendant has called our attention to the omission in the judgment of the lower court, and in our decree, to direct that it should be paid out of the revenues of the year when the services were rendered. Had the matter been called to our attention, we should not have omitted it. A rehearing is granted.

### On Rehearing.

It is ordered and decreed that our decree is amended so that the same is ordered to be paid out of the revenues of the year 1878, and as amended it rest and remain the judgment of the Court.