## PREJEAN v. DELAWARE–LOUISIANA FUR TRAPPING CO., Inc.

(District Court, E. D. Louisiana. October 22, 1925.)

No. 17921.

1. **Damages ⊝40(2)—Damages for loss of anticipated profits from breach of contract held too remote, speculative, and uncertain for recovery.**

Damages for loss of anticipated profits from defendant's breach of contract, whereby plaintiff, for 10 per cent. commission, was to employ trappers of fur-bearing animals to go upon described lands of defendant, and there trap for furs to be sold at not less than a stated amount each, *held* too remote, speculative, and uncertain to be recoverable.

2. **Courts ⊝121(1)—Action for breach of contract, wherein nominal damages only recoverable, dismissable as not involving amount within jurisdiction of court.**

In action for breach of contract, where actual damages not susceptible of proof, and nominal damages only, if any, recoverable, action was dismissible as not involving amount within jurisdiction of court.

At Law. Action by Felix Prejean against the Delaware-Louisiana Fur Trapping Company, Inc. On defendant's exceptions to petition. Exceptions sustained, petition dismissed, and judgment entered for defendant.

W. J. Waguespack, of New Orleans, La., for plaintiff.

Rene A. Viosca, of Hammond, La., for defendant.

BURNS, District Judge. The plaintiff, Felix Prejean, a citizen of Louisiana, by his petition and supplemental petition, claims of the Delaware-Louisiana Fur Trapping Company, Inc., a Delaware corporation, $17,500 as damages for breach of a verbal contract, by which plaintiff, as agent of defendant, was to employ and obtain contracts with some 50 trappers of fur-bearing animals, to go upon certain described lands belonging to defendant, and there trap such animals, the furs of same to be sold at

not less than 70 cents each, upon information and belief that each of the trappers would, but for the defendant's breach, have captured 5,000 fur-bearing animals each, the aggregate of which, upon a basis of 10 per cent. of the selling price, would have netted the amount sued for to the plaintiff.

Plaintiff alleges that he performed his part of the contract by obtaining 50 such trappers under signed contracts proposed by the defendant, who, when the trappers appeared to perform the several contracts, were denied the right to go upon the lands by third persons (other trappers) in possession, and thereupon defendant admitted its inability, for want of possession, to execute its obligation under same, thus preventing them from trapping thereon.

The defendant corporation filed exceptions of vagueness, no right or cause of action, and also excepted to the jurisdiction of the court ratione materiæ.

[1, 2] These exceptions coming on for trial, the defendant contends that it would be idle for the court to go through the formality of a trial on the merits; that from the very nature of the alleged damages no evidence will be admissible to prove the damages which from their character are not recoverable because they are not susceptible of proof; that, if any nominal damages are recoverable, they are of such an amount as would be below the jurisdictional amount suable in this court; that this is a Louisiana contract, made in Louisiana, to be performed in Louisiana, the lex fori governs, and they cite the case of Schleider v. Dielman, 44 La. Ann. 462, 10 So. 934, where the Louisiana Supreme Court laid down the following general rule:

"As a general rule the future profits of a contract cannot be included in the injury suffered by its breach; mainly for the reason that they depend upon so many and various contingencies that it is impossible for a court or a jury to arrive at any definite determination of the actual loss by any trustworthy method. They are open to the objection of remoteness, as well as of uncertainty"—citing R. C. C. 1934, and authorities at page 473 (10 So. 938).

Defendant also cites Bergen v. New Orleans, 35 La. Ann. 523:

"Expected profits from a contract to be realized in the future, which are dependent upon contingencies, cannot be included in a judgment for damages for its violation, especially when both allegations and proof are general and vague."

See, also, Armistead v. Railroad, 108 La.

171, 173, 32 So. 456, and Brown v. Producers' Oil Co., 134 La. 678, 64 So. 674.

Plaintiff contends, under the general rule that damages are allowed for every breach, that the weight and sufficiency of the proof is a question for the jury. He insists that, because he alleges the capture of a certain number of animals by other trappers on the same lands during the season for which the contract was made, and because, notwithstanding furs are subject to a fluctuating market during such season of some three or four months, he can, by taking the average catch made by these third persons at the average market price, fix the damages with mathematical certainty. Considering the precarious character of the occupation of trappers and hunters generally, the individual differences in industry and skill, as well as other differing circumstances and conditions, easily imagined, and in view of the allegations of this petition, it is difficult to conceive a case involving more remote, speculative, and uncertain profits, impossible of that clear and direct proof by competent evidence such as the law requires.

The exceptions will be sustained, the petition dismissed, and judgment entered in favor of defendant, with costs.