## HUDSON v. JACKSON BREWING COMPANY

---

(May 24, 1926, Opinion and Decree)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Automobiles—Par. 4 (d).**

A speed of 20 miles per hour on a street where the maximum permitted by the city ordinance is fifteen though excessive is not negligence per se, and when it appears that the excessive speed was not the cause of the accident no liability in damages arises therefrom.

2. **Louisiana Digest—Automobiles—Par. 4 (b), 4 (d).**

When the driver of a motor truck violates a city ordinance, prescribing the proper method of making a left turn, and such violation is the cause of an accident, the owner of the truck will be held responsible.

3. **Louisiana Digest—Automobiles—Par. 8; Evidence—Par. 340, 343.**

Witnesses are weighed not counted. Their testimony must be considered in the

light of probability and not by counting the number of witnesses on each side.

Appeal from Civil District Court, Division "A", Hon. Hugh Cage, Judge.

Action by James M. Hudson against Jackson Brewing Company. There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Woodville and Woodville, of New Orleans, attorneys for plaintiff, appellee.

J. C. Henriques and Frank T. Doyle, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J.   This is a suit for damages for physical injuries, resulting from a collision between a Hudson automobile and a motor truck.

There was judgment for plaintiff, in the sum of $2000.00, and defendant has appealed.

The collision occurred at the intersection of North Peters and Jefferson streets. The Hudson automobile, driven by plaintiff, was travelling down N. Peters street in the direction of Esplanade avenue, and the truck owned by defendant was proceeding in the same direction. The driver of the truck, intending to drive in a garage of the defendant company on Jefferson street, turned his truck for that purpose and came in contact with the Hudson automobile driven by plaintiff. The manner in which the turn was made is an important consideration in the case. Plaintiff contends that as he approached Jefferson street he blew his horn, as an indication of his intention to pass the truck, increased his speed, and drove to the left of the truck, when the truck without any signal, or warning changed its course and started diagonally across his path, toward

the corner of Jefferson street, forcing plaintiff toward the curb, and, in danger of collision with several iron posts along the edge of the curb, whereupon, to avoid hitting the posts, he turned sharply to the right, in an effort to pass in the rear of the truck, but, due to the wet pavement his car skidded against the truck's rear end.

Defendant, on the other hand, denies that the truck took a diagonal course, and insists that the turn was attempted in a proper manner, and claims that the accident was caused by plaintiff's negligence, in that he was on the wrong side of the street, and attempted to pass the truck without sounding his horn and, was driving too fast.

The municipal ordinance, which is in evidence, requires all vehicles, in turning to left, into an intersecting street, to pass the center of the intersection on the extreme right, before turning. The ordinance also expressly prohibits all vehicles taking a diagonal course into the intersecting street, giving illustrations of both methods of turning to the left, as the right and wrong way to turn. As to plaintiff being on the wrong side of the street, if, as he claims, he was passing the truck, it was proper to do so on the left side of the truck, where all witnesses say he was at the time of the accident. "Vehicles passing other vehicles moving in the same direction shall pass to the left". Art. 1, Sec. 3, Traffic Ordinance.

The speed limit, as established by the ordinance, on N. Peters Street is fifteen miles per hour. Plaintiff admits that he was going from seventeen to twenty miles and defendant insists that the accident was due to that fact. Estimates of speed of automobiles are merely guesses, and, it must be conceded, that when an accident happens, the drivers of the automo-

biles concerned, are prone to be too conservative in guessing. Therefore we accept counsel's statement that plaintiff was very likely travelling nearer twenty than seventeen miles per hour. This excess of speed, however, is not sufficient to charge plaintiff with recklessness, and, moreover, it is only of consequence, if it contributed to the accident. In Belden vs. Roberts, 3 La. App. 338, we said in speaking of a similar violation of the ordinance:

"The limit of speed fixed by the ordinance was twenty miles per hour. The defendant admitted he was running at a speed of twenty-two miles per hour. The difference between the two is but slight. But the excessive speed was not the cause of the collision, as we shall show hereafter and the violation of an ordinance cannot be charged as negligence unless it was the cause of the accident." Lopez vs. Schique, 114 La. 1004, 38 So. 810.

We believe the accident was caused by the manner in which the truck attempted to turn into Jefferson street, and in reaching this conclusion we have given careful consideration to the evidence of the defense witnesses to the contrary. These witnesses were mistaken in their recollection of the incident. Not perjurers, as counsel suggests we must find, if their testimony is not accepted. Indeed, if courts charged with the obligation of determining the ultimate facts in a law suit were under the necessity of branding all witnesses whose testimony was rejected, as guilty of crime, the judicial office would be a most unhappy one. We would not be understood as suggesting that perjury is absolute, or even less common than formerly, for the criminal instinct still manifests itself in a variety of forms, but an untruthful statement is often made by individuals possessed of the highest sense of honor. There is hardly a law suit, involving a question of fact, in which there is not con-

flicting and irreconcilable testimony, and often the witness are all of unquestioned integrity.

All the probabilities support plaintiff's version of the accident. If the speed of his car was a factor in the collision, it is not likely that he would have struck defendant's truck in the rear, whereas, his statement that the diagonal course of the truck pocketed him in a constantly decreasing area, which caused him to turn sharply to the right in an effort to avoid being jammed between the truck and the curb seems to us most plausible. Plaintiff is supported by two witnesses who had opportunity to view the accident. The fact that three witnesses support defendant is not controlling for witnesses are weighed, not counted.

In Kemp vs. Womack, 2 La. 372, in criticizing a finding based upon the testimony of a majority of witnesses, the court said:

"The large items of one thousand four hundred and seventy dollars, is an aggregate of charges for supporting young negroes, previous to an age at which they may be considered as useful; and they are made at the rate of thirty dollars per year on each head. This is unreasonable. It is true that a majority of the witnesses introduced on this subject thought otherwise; and the judge a quo seems, by counting them to have acquiesced in the opinion of that majority. Numeration is certainly the easiest mode by which judges can arrive at conclusions on matters of fact, supported alone by the testimony of witnesses; but the law of evidence requires that their testimony should be weighed by probabilities, and its truth be rather ascertained in this manner than by counting numbers."

(It should be remarked that this case was decided in 1830 when the dollar was worth many times its present value. Were a similar question presented today, we should be inclined to hold that $30.00 per year was a reasonable price for supporting young negroes.)

In addition to the foregoing considerations, and largely influencing our conclusion, the trial court emphasizes the fact that its judgment and findings of fact were to a great extent based upon the demeanor and bearing of the witnesses on the stand. The learned judge, a quo, frankly stated that he did not believe defendant's witnesses.

The quantum allowed seems to us somewhat excessive.

Plaintiff was not permanently injured. He suffered the fracture of two ribs and a wrenched arm. No doubt he experienced considerable pain but he was able to go about his business, almost without interruption, though his activity was to some extent circumscribed. We think the sum of $2000.00 allowed by the judgment excessive and it will be reduced to $1500.00.

The judgment appealed from is therefore amended so as to reduce the sum awarded plaintiff to $1500.00 and as thus amended it is affirmed.