LABIT v. STANDARD MOTORS FINANCE CO., INC., Appellant

(June 6, 1927. Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Appeal—Par. 625.**

The judgment of the trial court on questions of fact will not be reversed unless manifestly erroneous.

2. **Louisiana Digest—Damages—Par. 38.**

Damages for supposed profits will not be allowed.

Appeal from First City Court. Hon. W. V. Seeber, Judge.

Action by O'Neil Labit against Standard Motors Finance Company, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

W. J. Curren, of New Orleans, attorney for plaintiff, appellee.

Legier, McEnerny & Waguespack, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J.   The plaintiff sues the defendant for having run into and damaged his automobile.

The plaintiff alleged that on December 26, 1926, at about 10 o'clock at night, he was driving his automobile up the Jefferson Highway near Narco, Parish of St. Charles, left bank, keeping to the right-hand side of the road; that he saw defendant's car approaching him on said road at a high rate of speed on the wrong side of road; that plaintiff pulled his car to the right until his wheels were almost in the ditch and slackened his speed, leaving some twenty feet of roadway on his left side for defendant's car to pass; that defendant negligently drove into plaintiff's car head on, causing damage to plaintiff's car of $164.11, as appears by the itemized account annexed; that defendant's car was at that time driven by H. Dasto, employee of the defendant. Plaintiff further alleged that he is a salesman dependent for his livelihood upon his commissions; that his car was laid up for one week, during which time plaintiff was damaged in the sum of $30 for loss of commissions he would have made with his car. He claims damages of $194.11.

The defendant denied all allegations of plaintiff's petition.  It averred that the plaintiff was driving upon the left side of the road, contrary to traffic rules, and in a careless manner, and ran into defendant's car; that defendant's employee was driving on his right hand of the road and the cause of the accident was that plaintiff was not upon his right side of the road; that plaintiff was driving in excess of 25 miles an hour, and defendant pleads contributory negligence.

Defendant further averred that its Ford automobile was damaged to the amount of $175.13, which is claims in reconvention.

There was judgment in favor of plaintiff for the full amount claimed, $194.11, and dismissing the reconventional demand.

The defendant has appealed.

The plaintiff testified that he was driving up the river on the right side of the road; that both his lights were burning; that he saw the defendant about one hundred feet ahead of him driving towards the city at a fast rate in the middle of the road with his lights very bright; plaintiff moved towards the ditch on his right and came to practically a stop; plaintiff's car moved less than two feet after it was struck; defendant's car turned over and around and pointed in the opposite direction and was on fire in the middle of the road twenty-five feet away; plaintiff and a watchman who heard the crash turned the car back upon its wheels; plaintiff asked defendant his name; he refused at first and afterwards gave the name of "Dasto"; plaintiff asked for an officer to have defendant arrested, but he had gone; plaintiff paid $164 to have his car repaired; plaintiff is a salesman working on commission; he had to go to work on the train or hire a car, and was detained three days before he could get a car; there was another man in defendant's car, but he said he was asleep and saw nothing; plaintiff's fourteen-year-old son was in the

car with him, sitting on the right in front; the road was thirty feet wide; he was on the right-hand side of the road all the time; plaintiff's car scraped off his left front fender and running board; the front axle was bent and the wheel was broken to splinters; the plaintiff did not blow his horn.

William Pfister was a night watchman on the wharf; he did not see the collision; his attention was attracted by the noise; he went to see it right away; one car was on fire one or two feet from the ditch on the river side; when it was raised it was near the center of the road; the other car was on the right-hand side facing up the river eight or ten inches from the ditch.

Robert Muntz is a deputy sheriff; he was called from his home for a wreck; when he got there the plaintiff's car was facing up the road on the right-hand side about two feet from the ditch, and there was a Ford headed up in the center of the road; with the assistance of a few boys he turned it over next to the ditch and pulled plaintiff's car out of the right-hand side out of the way of other cars, so that both cars would be on the same side; plaintiff's car had his left wheel broken and fenders mashed; defendant's car badly damaged; it had its windshield smashed, and the top and front part of his right side was damaged; plaintiff's car was headed up; the road is about 20 feet wide; the curve does not amount to anything; it does not prevent you from seeing a car 600 feet ahead.

Emile A. Picou is sheriff of St. John the Baptist; owns a garage at Garyville; is, besides, a mechanic and machine worker; saw the plaintiff's car; the fender was smashed, the wheel was broke and the axle cracked, and windshield broken and other things; he estimates the damage at $190.00.

The itemized bill of repairs annexed to the petition corroborates the above testimony. Among other items it enumerates: Left front fender, front wheel, left running board, windshield glass, front axle, etc.

Herbert Dasto, the driver of defendant's Ford, testified that he was coming from Baton Rouge just prior to the accident; he was driving on the river side, three or four feet from the ditch on the river side, all the way from Baton Rouge, at 23 or 25 miles an hour; the left side of his car was struck a little on the left front wheel; his lights were burning; nothing to prevent each one from seeing the other; plaintiff did not blow his horn; plaintiff's car was more on the river side of the center of the road; after the accident several cars passed upon the lake side of plaintiff's car; the whole left side of defendant's car was demolished, the top, the windshield, the front fender and the front wheel axle; he saw plaintiff's car before the accident about 200 feet; the plaintiff did not ask him for his name; plaintiff's car was an Overland six, much heavier car; although he saw plaintiff's car coming, he did not pull over because he could not go over much further; he was four feet from the ditch; his car spun around and headed towards Baton Rouge.

O. C. Roberts, who was in the car with Dasto, says they were running at 25 miles an hour, three or four feet from the ditch on the river side; after the accident other cars passed behind the plaintiff on the lake side; the damage to defendant's car

was on the right-hand side; he was not employed by anyone; he just went along because Dasto asked him; Dasto's car was a wreck; after the car hit them they turned over towards the river and the car was headed towards Baton Rouge when it stopped.

Frank Wood was following Dasto's car in a Ford; they were traveling on the river side of the road; the accident did not occur on the lake side of the road; approximately near the center; he was just about 100 yards behind Dasto's car. All of Dasto's car was on the river side of the center of the road; he did not see plaintiff's car until they struck; after the accident plaintiff's car was over the center of the road towards the river; his wife was in the car with him; he had been traveling at 25 or 30 miles an hour; the front left side of Dasto's car was injured; he is employed by the Mortgage Securities Company; the defendant are subsidiaries to them; he heard plaintiff ask Dasto for his name.

L. C. Prudhomme estimated the value of repairs to defendant's car.

Mrs. Frank Wood testified that she was in her husband's car behind Dasto, ten or twelve miles, near the ditch on the river side; plaintiff's car was on the lake side of the center of the road; she did not see the impact; after the accident they passed on the lake side of plaintiff's car to go down.

In the presence of this conflict of testimony the rule becomes wisely applicable that the appellate court will not reverse a judgment unless it is manifestly erroneous.

The trial judge in this case heard and saw the witnesses and, after seeing them, decided the case in favor of the plaintiff. We cannot say that he erred, the more so that we are struck by three important factors.

The first is the contention of the defendant that he was traveling within a few feet of the ditch on his right and that he was run into on his left by the plaintiff who overturned his Ford and knocked it in the middle of the road. This testimony seems to us impossible inasmuch as defendant must have been knocked into the ditch on his right and not into the middle of the road if he had been run into on the left by the plaintiff, the more so that plaintiff's was the heavier car.

The second is that Dasto denied that plaintiff had asked him his name or that he had given it to him, and only admitted that he had done so when recalled, after his own witness, Frank Wood, had testified that he had heard Labit ask Dasto his name.

Third, O. C. Roberts testified that the right-hand side of Dasto's car was struck by Labit's car while Dasto testified it was on the left side.

Fourth, Mrs. Frank Wood said that when she first saw plaintiff's car before the accident with reference to the center of the road, it was on the lake side as far as she could see, thus contradicting all defendant's witnesses.

Witnesses are weighed, not counted. Kemp vs. Wamack, 2 La. 272.

But plaintiff's demand for $30 for loss of commissions must be denied. None are proven.

Damages for supposed profits cannot be given. Gobet vs. Municipality No. 1, 11 La. Ann. 300; Bergen vs. City of New Orleans, 35 La. Ann. 523; Riggs & Co. vs. Bell, 42 La. Ann. 667, 7 South. 787; Cable vs. Leeds & Co., 6 La. Ann. 293; Dennery vs. Bisa, 6 La. Ann. 365; Reading, Peck & Co. vs. Donovan, 6 La. Ann. 491; Grant vs. McConogh, 7 La. Ann. 447; Des Allemands Lbr. Co. vs. Morgan City Timber Co., 117 La. 1, 41 South. 332; Whitney vs. Parish of Vernon, 126 La. 13, 52 South. 176; Mirandona vs. Burg, 51 La. Ann. 1190, 25 South. 982; Blymer Ice Machine Co. vs. McDonald, 48 La. Ann. 439, 19 South. 459; Morris vs. Union Bank, 35 La. Ann. 1202; Schleider vs. Dielman, 44 La. Ann. 472, 10 South. 934; Dwyer Bros. vs. Administrators of Tulane Ed. Fund, 47 La. Ann. 1235, 17 South. 796.

Nor is there any evidence that plaintiff hired another car or paid any railroad fare.

It is therefore ordered that the judgment herein be reduced from one hundred and ninety-four and 11-100 dollars to one hundred and sixty-four and 11-100 dollars, and, as thus amended, that it be affirmed, the costs of appeal to be paid by plaintiff and appellee.