### No. 10,964
### Orleans

### MARCOTTE v. MONTANA

(November 26, 1928. Opinion and Decree.)
(January 7, 1929. Rehearing Refused.)

Henry & Cooper, A. M. Southon, of New Orleans, attorneys for plaintiff, appellee.

Paul L. Fourchy, of New Orleans, attorney for defendant, appellant.

JONES, J. In this suit Gustave J. Marcotte seeks to recover from defendant damages in the sum of $348.10 on account of his having been struck and knocked down by a Ford truck operated by the minor son of the defendant. The accident took place on October 26, 1925, about 8.30 in the morning, on the lower side of St. Philip Street in the block between Chartres and Decatur Streets.

The judgment of the Court below was in favor of the plaintiff, for the sum of $198.10.

A devolutive and suspensive appeal was taken from this judgment by the defendant. The plaintiff has answered averring that he is entitled to recover in full for every item of damage alleged, and praying that the judgment in his favor be increased to the sum of $348.10, with costs in both courts.

A careful analysis of the evidence convinces us that the decision of the trial Judge in favor of plaintiff is correct.

Defendant's able attorney, in his brief, argues that the trial Judge should be reversed because five witnesses testified for defendant and only three for the plaintiff. We find that two of defendant's witnesses, namely Impastato and Jake Cornelius, have testified in such a confusing manner that their testimony has little or no probative value.

The driver of the truck, Joseph Montana, minor son of the defendant, testifies he did not know how the accident happened and that he did not remember what he did to avoid the accident; that he did not see plaintiff until he was almost on him, although the evidence shows that the street was straight and that plaintiff walked around the rear end of the Ford car and was trying to open the door, when he was struck.

This Court, in the case of Hudson vs. Jackson Brewing Company, 4 La. App. 549, has held that the witnesses are weighed, not counted, and that their testimony must be considered in the light of probability and harmony with all the surrounding circumstances. This doctrine has been confirmed so frequently that it is useless to cite further authority. Its eminently justifiable application here inevitably leads to a decision in favor of plaintiff on the question of defendant's liability for negligence.

Plaintiff's attorney argues that the judgment appealed from should be increased by $150.00, for the nervous shock suffered by plaintiff. While we admit that such an item of damage has often been recognized by this Court, we do not find that the testimony in this case justifies any increase in the amount allowed.

For above reasons the judgment is affirmed.