## THOMAS v. HARMAN.

### No. 5345.

Court of Appeal of Louisiana. Second Circuit.

Oct. 30, 1936.

Robert J. Newson, of Shreveport, for appellant.

Chandler & Chandler, of Shreveport, for appellee.

HAMITER, Judge.

Plaintiff alleges that she entered into an oral contract with the defendant, S. J. Harman, through his agent, for the renting of a tenant house owned by said Harman and located at municipal number 2113 Hancock street in the city of Shreveport; that on the morning of March 8, 1936, she paid her weekly rent to an agent of defendant, and shortly thereafter, but on that morning, while attempting to descend the back steps of the rented house, the top step broke and caused her to drop to the ground; that she received severe injuries because of the faulty and rotten construction of the said step. She asks damages from defendant in the amount of $2,940.

Defendant answered by denying generally the allegations of the petition, and averring that no contract of lease had been entered into with plaintiff by defendant either individually or through any other persons.

After trial, the district court rejected plaintiff's demands at her cost. She has appealed.

The suit is founded on the provisions of our Civil Code and the jurisprudence of this state which impose liability on a lessor for injuries sustained by a lessee, or others lawfully on the leased premises, because of the lessor's failure to keep such premises in a safe condition. Civil Code, arts. 2322, 2692, 2693, 2695; Schoppel et al. v. Daly et al., 112 La. 201, 36 So. 322; Davis v. Hochfelder, 153 La. 183, 95 So. 598; Breen v. Walters, 150 La. 578, 91 So. 50; Lasyone v. Zenoria Lumber Co., 163 La. 185, 111 So. 670.

The above principle which is firmly embedded in our laws is appreciated and recognized by defendant. He resists plaintiff's demands, however, on the ground that she was not lawfully on the premises when injured, and contends that she was a mere trespasser. Thus the only question presented by the appeal is one of fact.

It will serve no useful purpose to here review in detail the testimony of the various witnesses. A careful and thorough study of it has been made by us, and we shall content ourselves with summarizing, as best we can, the material evidence bearing upon the matter at issue.

According to plaintiff's testimony, which is corroborated in certain respects by other colored witnesses, she went on Hancock street looking for a place to rent, and noticed that the house in question was vacant. At the suggestion of a colored man who lived nearby, she moved into the premises on a Saturday night and began her occupancy thereof. Mr. M. L. Mabry, defendant's rental agent, appeared there the following morning and agreed that she might occupy the house at a rental of $1.25 per week. She paid no rent that morning, but made three payments thereafter, and receipts therefor

were issued by Mr. Mabry. Her injuries occurred on the third Sunday morning, which was March 8, 1936, by the breaking of the back steps while she was attempting to use them. The premises were occupied by her during a period of more than three weeks.

The testimony of Mr. Mabry, the admitted and sole agent of defendant for the collecting of rents from and the repairing of his negro property, is to the effect that he discovered the plaintiff in the premises on a Sunday morning and explained to her that the house was not for rent and instructed her to move. On the following Sunday morning she was still there and he reiterated what he had told her before. She was also in the house the third Sunday morning and he again told her that she must move. No rent was ever collected by him from plaintiff, and he issued no receipts to her. The reason for his refusal to rent the house to plaintiff was that it was in no condition for a tenant, and he had instructions from his employer, Mr. Harman, not to rent his houses until they were in a rentable condition.

Mr. Harman testified that he made no rental agreement with plaintiff, and that she occupied the house without his consent.

Two rent receipts were offered in evidence by plaintiff, and are in the record, both of which are signed by Mr. Mabry. However, these instruments do not appear to strengthen plaintiff's position. In the first place the name of the person to whom the receipts were issued is blurred and illegible, and in the second place the dates thereof do not correspond with the purported payment days testified to by plaintiff.

It is to be noted that plaintiff's witnesses, with reference to the rental question, outnumbered those offered by defendant. This, however, does not necessarily mean that the preponderance of the evidence in the case is with the plaintiff. It is provided by the law of evidence that the testimony given should be weighed, and that its probative value is not to be determined by the number of witnesses testifying. Reed et al. v. Andrepont (La.App.) 142 So. 184; Hudson v. Jackson Brewing Co., 4 La.App. 549; Kemp v. Wamack, 2 La. 272.

The oral evidence given in plaintiff's behalf regarding the facts material to a decision of this controversy is clearly contradicted by that offered by defendant's witnesses. Thus the credibility of the witnesses is involved in this case. In view of this, there is here applicable the often applied rule that on questions of fact involving credibility of witnesses, the trial judge's finding is entitled to great weight and should not be disturbed unless clearly erroneous. We are unable to say that there was manifest error in the judgment of the district court, and, therefore, we cannot disturb it.

The judgment is affirmed, with costs.