## SHEHEE et al. v. SMITH.
### No. 5524.

Court of Appeal of Louisiana.  Second
Circuit.

Oct. 29, 1937.

L. F. Grigsby, of Minden, and A. B. Park-
er, of Monroe, for appellants.

John T. Campbell, of Minden, for ap-
pellee.

HAMITER, Judge.

A cash deed dated December 14, 1935, was
executed by plaintiffs in favor of defend-
ant covering all of their rights, title, and
interest in and to a certain tract of land
located in Webster parish, La.  Through
this proceeding, said grantors seek to set
aside and annul that instrument, and in
their petition they allege that it was ob-
tained through misrepresentation and fraud
practiced by defendant Harold W. Smith
and by his father, W. B. Smith.

The sufficiency of the petition was ques-
tioned by defendant through exceptions of
no cause and no right of action.  These
were overruled.

An answer was later filed in which the
charges of the complaining parties were
generally denied.

A trial of the merits of the case result-
ed in a judgment for defendant.  Plaintiffs
prosecuted this appeal.

The exceptions of no cause and no right
of action have not been urged in this court,
and we shall give them no consideration.

■   The record presents only a question
of fact, and by reason of this no lengthy
discussion of the case will be given in this
opinion, for it would be of no benefit to any
one.  We have carefully and thoroughly
studied all of the testimony and other evi-
dence in the transcript, and we arise from
that consideration with the conviction that
the judgment rejecting plaintiff's demands
cannot be disturbed by us.

The testimony of plaintiffs and of the
other persons appearing in their behalf is
to the effect that the act of conveyance
was executed by the vendors because of
the representation that it was merely a
power of attorney granting authority to de-
fendant and his father to recover various
property interests for them.  During the
course of the trial, however, these witness-
es admitted that certain funds were paid to
plaintiffs by defendant shortly after the
execution of the deed.  They referred to
this money as Christmas presents, although
the total amount thereof appears to have
been commensurate with the value of plain-
tiffs' interest in the land in question.

With reference to the defense, we find
much positive evidence in the record tending
to show that all parties litigant were thor-
oughly aware that the transaction was in-
tended to be and was a sale; that nothing
was ever said during the negotiations about
a power of attorney; and that a negligible
amount of property was involved, for which
adequate consideration was paid plaintiffs.

■■   The jurisprudence of this and oth-
er states adheres to the doctrine that fraud
is never presumed and that the burden of
proving it devolves upon the litigant mak-
ing charges of that character.  Garnier et
al. v. Ætna Insurance Co., 181 La. 426, 159
So. 705;  27 Corpus Juris, verbo, "Fraud,"
§ 170.  Another principle of law which
has been often enunciated is that on ques-
tions of fact involving the credibility of
witnesses the trial judge's finding is entitled
to great weight and should not be disturbed
unless clearly erroneous.  Thomas v. Har-
man (La.App.) 170 So. 365.

The district judge in a well-prepared writ-
ten opinion ably and thoroughly analyzed
the testimony of the various witnesses, and

gave a splendid discussion of the entire proceeding. Toward the latter part of his opinion, he correctly said, "The only question is whether or not the plaintiffs have made out the case of misrepresentation and fraudulent practice of W. B. Smith and Harold Smith," and he then concluded that plaintiffs had not proved their accusations by a preponderance of the evidence.

No manifest error appears in the judgment appealed from, and it is affirmed, with costs.