## THOMAS v. HARMAN.
### No. 5538.

Court of Appeal of Louisiana. Second Circuit.

Oct. 29, 1937.

Rehearing Denied Dec. 3, 1937.

Writ of Certiorari and Review Denied Jan. 10, 1938.

Robert J. Newson, of Shreveport, for appellant.

Chandler & Chandler, of Shreveport, for appellee.

HAMITER, Judge.

The cause of action involved in this proceeding is the same as that in the case of Minnie Ola Thomas v. S. J. Harman, 170 So. 365, which was passed on by this court on October 30, 1936. In the former case, plaintiff alleged that she was injured by reason of the collapsing of the faulty back steps of a house which she was renting from the owner, S. J. Harman, and she sought damages from him in the amount of $2,940. Our decision therein turned upon the question of fact of whether or not plaintiff was lawfully on the premises when the alleged injury occurred. We answered that in the negative, and affirmed the judgment of the trial court which rejected plaintiff's demands.

The only material difference between the former case and the instant one is that here Mrs. Bessie Harman, wife of the said S. J. Harman, is alleged to have been the record owner and lessor of the property on the occasion of the accident, and that she is responsible for the injuries sustained.

To the petition herein, Mrs. Harman tendered exceptions of no cause and no right of action, a plea of estoppel, and a motion to strike out. All of these were overruled. Issue was thereafter joined by answer in which defendant generally denied the allegations of the petition, averred that the property in question belonged to the community existing between her and her husband, S. J. Harman, and again pleaded estoppel.

During the course of the trial on the merits, and pursuant to agreement of counsel, the testimony taken in the former case was made a part of the evidence in this cause. The agreement was reiterated during the oral argument of counsel in this court.

For the reasons given in his written opinion, the district judge rejected plaintiff's demands at her cost. She appealed devolutively.

■■ It is contended by plaintiff's counsel in this court that Mrs. Harman is the record owner of the property, and he argues at length that as such record owner she is the proper person, under the jurisprudence and statutory law of Louisiana, against whom the suit must be brought. As we view the proceeding, it is unnecessary to determine that proposition of law unless it be definitely found from the evidence in the record that plaintiff was a lessee or otherwise lawfully on the premises in question. No recovery is permitted in a suit of this nature if the injured person did not enjoy the status just mentioned, and we held in the former case, as before stated, that such status was not plaintiff's on the occurrence of the injury. On this question of fact the trial judge, after considering the evidence in the S. J. Harman Case and also the testimony adduced herein, had the following to say in his written opinion:

"Plaintiff admits that she occupied the premises without authority and on permission of a tenant of other premises who stated that it would be all right. The question of whether plaintiff later acquired the right of a lessee has already been determined ad-

versely to her contentions by the Court of Appeal in the case against S. J. Harman and while on the trial of this case plaintiff called the same five witnesses that she used in the other case, a careful reading of this additional testimony does not add anything new to their previous testimony."

Our conclusion, with reference to the additional testimony of the witnesses, is in accordance with that of the able trial judge. Plaintiff has failed to prove an element which is essential for a determination of the cause in her favor.

The judgment for the trial court appears to us to be correct, and it is affirmed with costs.