GEORGE W. CABLE et al. *v.* JOHN LEEDS & Co.

Where a mechanic undertakes to make and deliver a piece of machinery as soon as possible, and actually does deliver the machinery, but so defective that it will not answer the purpose intended, he will be considered in default from the time of the delivery of the defective machinery, and will be held responsible for such direct damages as the other party may have suffered from the delay caused by the defective work.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Rozier*, for plaintiffs. *Hunton* and *Bradford*, for defendants. The judgment of the court was pronounced by

PRESTON, J. The plaintiffs employed the defendants to make a crank for the engine of their steamboat Constitution. The old crank had been broken on her trip from St. Louis to this port. She was advertised to start on her return trip on Saturday evening, the 4th of August, 1851.

The plaintiffs allege and offered testimony to establish an agreement on the part of the defendants to deliver the new crank on that evening. But this allegation becomes immaterial, as in point of fact a crank was delivered on that evening, and the evidence and circumstances establish conclusively that it was to be delivered as soon as possible. The actual delivery of the crank on Saturday evening shows that it was possible at that time.

But the crank delivered could not be used in consequence of being too long, although the old crank had been furnished as a pattern by which it was to be made. The defendants made another and suitable crank in lieu of it; but the evidence shows, and the jury were satisfied, that the boat was detained a day in consequence of the failure to deliver a suitable crank after ample time to do so, as undertaken by the defendants, and that the actual expenses of the master and men caused by the detention of the boat on that account was $83; for which a verdict and judgment was rendered.

These damages were caused directly by the defendants by making a crank that could not be used, and they are therefore responsible for them. Greater direct damages are claimed, but not proved; also, consequential damages which cannot be allowed if proved.

As soon as a reasonable time had elapsed for making and delivering a suitable crank, the plaintiffs might have applied to another foundry for one; and therefore no damages can be recovered by them except those caused by the detention of their boat the time that was actually necessary to have obtained a suitable crank, which the plaintiffs themselves seem to have considered about a day.

The making and delivery of a crank unfit for the use for which it was designed, was a violation of the contract that a suitable crank should be made and delivered as soon as possible. The defendants, by their failure to do so, put themselves into an irretrievable default for at least one day, and superseded the necessity of being put into default by the plaintiffs.

There is nothing in the decisions of this court in the cases of *Bailey* v. *Stetson et al.*, 1st Ann. 332, or *Allin* v. *Wills*, 4th Ann. 98, relied upon by the counsel of the defendants, adverse to the judgment in this case under its peculiar circumstances.

It is therefore affirmed, with costs.