No. 12,017.

LOUISIANA & NORTHWEST RAILROAD COMPANY VS. POLICE JURY OF BIENVILLE PARISH.

A contract made by the police jury, in which payments for a court house are provided for in instalments, is not a bond, promissory note, warrant, for the issuance of which Act 30 of 1877 and the organic law prohibit. A police jury has the authority to appropriate the excess of the current expenses of the parish, within the ten mills limit, for the purpose of building a court house, and can set apart the excess in advance, for future collection, to pay the instalments due, as expressed in the contract.

APPEAL from the Second Judicial District Court for the Parish of Bienville. *Watkins, J.*

*J. A. Richardson, W. U. Richardson, Ben. P. Edwards* and *J. F. Boone* for Plaintiff, Appellant.

*L. K. Watkins* and *Dormon & Dormon* for Police Jury, Defendant and Appellee.

*J. E. Reynolds* for F. B. & W. S. Hull, Defendants, Appellees.

Argued and submitted January 21, 1896.
Opinion handed down February 10, 1896.

The opinion of the court was delivered by

McENERY, J. In 1895 the Police Jury of Bienville parish contracted for the building of a court house. The ordinance providing for the erection of the court house and accepting a bid from the contractors, the terms of payment and the amounts to be paid in instalments were fixed as follows: Two thousand dollars 1st February, 1896; three thousand dollars February 1, 1897; three thousand dollars February 1, 1898; three thousand dollars February 1, 1899; three thousand dollars February 1, 1900, with eight per cent. inter-

est on each instalment from the date of the completion of the court house. In the ordinance it is recited: "that as only six mills on the dollar of the assessed value of the property of Bienville parish is required to meet and pay the annual current expenses thereof, leaving four mills on the dollar of the ten mills allowed by law still assessable and collectible annually for other purposes, in order to provide for the payment of the indebtedness contracted for the building of the court house and the payment stipulated, a tax of four mills on the dollar of the ten mills allowed annually by law for parochial purposes on the assessed value of the taxable property of Bienville parish is hereby appropriated, levied and set apart, or enough thereof to pay the debt and interest contracted for the building of the court house.

This contract is assailed by plaintiffs on the grounds: First, that the current expenses and existing outstanding obligations of the parish will consume the entire revenues of the parish arising from the ten mills as allowed by law, and the current licenses, together with whatever funds may be in hand, belong to the parish; that therefore there are no revenues with which to carry out said illegal contract for the building of the court house. Second, that the police jury is without authority to enter into a contract for the building of a court house, or contract a debt or pecuniary liability without providing in the ordinance creating the debt the means of paying the principal and interest of the debt so contracted; and, third, that the police jury can not pledge the future revenues of the parish, or issue any obligation, warrant, promissory note or any evidence of debt, or incur any future liability.

There was judgment for the defendants. Plaintiffs appealed.

The parish of Bienville had the undoubted right to build the court house. This duty is imposed by law. The question presented is whether they adopted the proper means for defraying all expenses in connection with its construction.

On the first point it is alleged that the current expenses and outstanding obligations of the parish will more than consume the ten-mill tax—the full limit of parochial taxation, without a compliance with Art. 209 of the Constitution. If the parish for legitimate expenses has reached the limit of taxation prescribed, then there must be a strict compliance with Art. 209. But we are not to estimate the outstanding obligations of the parish, not provided for in

the annual exhibit of expenses, for in such case we might inadvertently impose a burden on the parish for obligations not recognized by the parish, and to which it may have a just defence. For the purposes of ascertaining whether the limit has been reached, we must look and examine the official statement, unless it is shown that there is fraud in it, and necessary expenses which must be met, and existing obligations already acknowledged, have been excluded for the purpose of making a showing that the ten-mill limit had not been reached. The record shows no such misconduct, or we may say positive dishonesty, on the part of the police jury. There seems to have been on the part of the police jury an earnest desire to carry out the duty imposed upon them, and to erect a court house at the site selected for the parish capitol.

The ordinance exhibits a strict compliance with the law, in providing in the ordinance creating the debt the means of paying the same, as there is an appropriation of a part of the ten-mill tax for each year, until it is paid. We can not class the obligation on the part of the police jury to pay at designated times, certain sums of money on its contract, as a promissory note, bond or warrant.

Of course no warrant can issue on the parish treasury when there are no funds to meet it. The law positively prohibits it. Act 30 of 1877. The cases relied on by plaintiffs and reported in 23 An. 191 (Capmartin vs. Police Jury) ; 23 An. 232 (Breaux vs. Parish of Iberville) ; 23 An. 251 (Marionneaux et als. and other cases vs. Police Jury Parish of Iberville) ; 24 An. (Edwards vs. Parish of Bossier) ; 26 An. 59 (Sterling vs. Parish of West Feliciana); 30 An. 461 (Smith vs. Parish of Madison) ; 42 An. 886 (Snelling vs. Police Jury et als.), do not apply to this case. In these cases negotiable paper was issued, or bonds or warrants issued for the purpose of raising money.

In the last case cited, Snelling vs. Police Jury et als., 42 An. 886, there was a contract for the building of a bridge, and to pay for the same ten negotiable promissory notes were issued. But we were careful to say in that case that police juries have the authority to contract for improvements which they are authorized to make, to be paid out of the taxes which they are authorized to levy, and which are set apart for this special purpose. The money so raised and set apart, however, must be in the treasury before a warrant could issue, for the Act No. 30, Secs. 1 and 5, of 1877, expressly says so.

The building of a court house is a considerable undertaking for a parish. Probably no parish in the State, out of the ten-mill tax, can pay in one year for a convenient and suitable building. Future appropriations become a necessity, and we had this in view in using the language in the case of Snelling vs. Police Jury. The *proviso* to Art. 209, referred to by plaintiff, has reference to the financial condition of the parish, when it is necessary to go beyond the ten-mill limit. So long as the parish keeps within that limit, for the building of useful and necessary public buildings, there is no law prohibiting them from setting apart a portion of the ten-mill tax in future years.

The budget, or exhibit of expenses, shows that in the year 1896, in which the first payment is provided for, the last instalment on the jail will have been paid, leaving six mills for current expenses, and an excess of four mills to be applied to other purposes.

We find in the ordinance no violation of Art. 209 of the Constitution, nor do we find that it conflicts with any statute of the State.

Judgment affirmed.