No. 14,228.

CITIZENS BANK VS. TOWN OF JENNINGS.

107   547|
115   586|

SYLLABUS.

The statute declaring that Police Juries and the constituted authorities of incorporated towns and cities shall not have power to contract any debt or pecuniary liability without providing in the ordinance creating the debt the means of its payment, is a prohibitory law, and such a limitation upon the power of Police Juries and municipal authorities that debts contracted in violation of its provisions are stricken with nullity and incapable of judicial enforcement.

I N RE. Citizens Bank Applying for *Certiorari,* or Writ of Review, to the Court of Appeal, Third Circuit, State of Louisiana.

---

*Cline & Cline,* for Plaintiff, Applicant.

---

*Schwing & Moore,* for Respondent.

---

The opinion of the court was delivered by

BLANCHARD, J. The writ of review having been allowed, this case is before us for determination on its merits.

A resolution was adopted by the Town Council of Jennings in the

year 1895 authorizing the purchase of two chemical fire engines, if found satisfactory after trial. The price agreed upon between the vendor and the town was $1700, of which $200 was to be paid in cash and the remainder in two years' time.

The engines were supplied and supposedly tested, for in March 1896 the Town Council passed a resolution accepting them, ordering the $200, cash payment, to be made, and directing a warrant to be drawn in favor of the vendor for the $1500 deferred payment, payable on or before twenty-four months.

The $200 was paid and the Mayor of the town drew a negotiable note, payable to the order of the vendor, due at twenty-four months, with 7 per cent. interest from date, for $1500.

This note was delivered to the vendor and subsequently transferred to the plaintiff herein, who brought suit upon it, praying judgment for its amount, with the interest stipulated, and claiming recognition of the vendor's privilege upon the engines.

The defense is that when the debt was created no provision was made for its payment, and that the municipal authorities of the town were without authority to bind the corporation by the issuance of any warrant or other evidence of debt except against money actually in the treasury. It was averred that the engines were long since tendered back to the vendor, and the answer repeats the tender to the plaintiff, assignee of the vendor.

The trial court sustained this defense, and on appeal to the Court of Appeals its judgment was affirmed.

*Ruling*—Section 2448 of the Revised Statutes declares that the Police Juries of the several parishes and the constituted authorities of incorporated towns and cities in the State shall not have power to contract any debt or pecuniary liability without fully providing in the ordinance creating the debt the means of paying the principal and interest of the debt so contracted.

This is a prohibitory law, and such a limitation upon the *power* of Police Juries and municipal authorities that it is operative as well against third persons holding the evidences of the debt contracted as against the original holders themselves.

Repeated decisions have placed it beyond controversy that debts contracted in violation of this statute are stricken with nullity and incapable of judicial enforcement. Oubre vs. Town of Donaldsonville, 33 La. Ann. 387.

The purchase of the engines in question was not an ordinary, current, administrative expense of the town of Jennings payable out of the annual appropriation of current revenues, as was the debt sued for and held collectible in Laycock vs. City of Baton Rouge, 35 La. Ann. 479.

There was no estimate of receipts and expenditures which included the purchase of the engines, nor any allotment of a portion of the revenues of the year of the contract, or of future years, to the payment of their price, as was the case with respect to the debt sued for and held collectible in Railway Co. vs. Police Jury, 48 La. Ann. 331.

Here, the ordinance of the town contracted a debt and provided the funds to pay a small part of it, to-wit:—$200.00, but made no provision whatever for the remainder and larger part, to-wit:—$1500.00, with 7 per cent. interest per annum.

In this there was a palpable violation of the section of the Revised Statutes referred to, and this suit to enforce the terms of the contract, whether it be held to be an action on the note itself, or on the resolutions of the Town Council authorizing the purchase of the engines and accepting them after test, cannot be sustained.

It is, therefore, ordered that the judgment of the District Court, affirmed by the Court of Appeals, rejecting plaintiffs demand and decreeing the return of the engines to the plaintiff, do stand as the judicial determination of the issue herein involved.