SOMMERVILLE, J.
[1] On motion to dismiss appeal. This motion is based on the insufficiency of the certificate of the clerk of court attached to the transcript of appeal, in which he certifies that it contains “a true and complete copy of the entire record on file and of record in the clerk’s office of said court,” etc., in the above-entitled case.
This certificate was subsequently supplemented by an affidavit of the clerk in which he states that the “transcript of appeal contains and is a true copy of all the proceedings had and papers filed in the case.”
The error complained of is not one which is to be imputed to appellants; and, as it was corrected before the case was called for trial, and no injury has resulted therefrom, the motion to dismiss the appeal is denied.
Statement of the Case.
MONROE, C. J.
On August 1, 1911, the town council of Slidell passed a resolution reading as follows:
“Whereas, an emergency exists as to the necessary funds for the opening of Front street, north, between Cousin and Bousearen streets, and for other current and necessary expenses:
“Therefore, be it resolved, by the mayor and board of aldermen of the town of Slidell, in legal session convened, that the finance committee of this town council be and are hereby authorized to contract and raise the necessary funds, in compliance with an act of the General Assembly of the state of Louisiana for the year 1910.”
On September 5, 1911, two other resolutions were passed by the same town council; the one, authorizing the mayor and board of aldermen to purchase from J. W. Decker a certain described piece of property, for the opening of Front street between Bousearen and Cousin streets, for $1,000, of which $500 was to be paid in cash and the balance on March 1, 1912; the other, authorizing the mayor and board of aldermen to purchase from Mrs. S. H. Decker another piece of property, for the same purpose, at the price of $1,500, of which $1,000 was to be paid in cash and the balance on March 1, 1912; the mayor being authorized, in both instances, to sign, on behalf of the town, all papers, notes, etc., necessary to consummate the purchases.
And, on September 7, the mayor made the purchases as thus authorized, by notarial acts which recite the respective cash payments mentioned in the resolutions and the *936 execution of the notes of the town for the credit payments.
On September 28th, following, plaintiffs herein (two citizens and taxpayers of the town) instituted this suit, alleging the adoption of the resolutions; that the town had made, or was about to make, the cash payments therein contemplated, and would make the credit payments, unless restrained; that the resolutions were illegal in that they purported to authorize the creation of debts without providing for their payment; that the statutory and necessary expenses of the town would exhaust the revenues for the year 1911 and leave it largely in debt; that, at the time of tne adoption of the resolutions, the town had no funds legally applicable to the contemplated purchases; and that no appropriations therefor had been made. They prayed that the town be cited and enjoined from acting, under said resolutions, by paying out any money, executing any notes, or taking any title thereunder, and, after hearing, that the injunction be perpetuated and the resolutions and any action taken pursuant thereto set aside.
The town authorities were ruled to show cause why the injunction should not issue, and filed exceptions thereto; and, certain of the exceptions having been maintained and the suit dismissed, plaintiff appealed to this court, where it was said:
“The exceptions of no cause of action and want of proper parties were tried and sustained, and plaintiffs have appealed. The other pleas, going, as they do, to the merits, were not considered, and are not involved in the present appeal, and, properly so, since the case is being considered, not on the merits, but on rule nisi.”
The court then held (1) that municipalities are prohibited from contracting debts without having made provision for their payment, and that an injunction will lie to enforce that prohibition, at the suit of one or more taxpayers; (2) but that an injunction will not lie to prohibit the doing of a thing already done; hence—
“The injunction asked for * * * could only issue to prevent the further carrying out of the ordinance in question; that is to say, against any purchase being made, in case none had yet been made, and against the payment of whatever part of the purchase price yet remained unpaid, in case the purchase had already been made and a part of the purchase price had already been paid.”
“In so far” (the opinion continues) “as seeking to injoin the execution of the contract, however, the suit would be one to annul the contract, and it stands to reason that, to such a suit, all parties to the contract would have to be made parties. * * *
“In the absence of these parties, therefore, the injunction can issue only to prevent the execution of the ordinance, in case the contract it authorizes has not yet been entered into.”
The judgment appealed from was accordingly set aside, and the case was remanded to be proceeded with in accordance with the views thus expressed. Dunham et al. v. Town of Slidell, 133 La. 212, 62 South. 635.
On October 13, 1913, plaintiffs filed a supplemental petition, alleging the purchases of September 7, 1911, by the town and the making of the cash payments, and the giving of the notes for the credit payments thereby required; further alleging that, for the reasons assigned in the original petition, and the additional reason that property to be used as a public street cannot be acquired subject to a lien and mortgage in favor of the vendor, the purchases were unauthorized and illegal; and praying that the proper parties be cited and that there be judgment annulling the “ordinances” and declaring void all actions and proceedings thereunder, including said attempted purchases. The town filed an exception of no cause of action, which was overruled.
It then filed a general denial, as did the other defendants, including the heirs of Mrs. S. H. Decker, who had died since the litigation began. The case was then tried and there was judgment for plaintiffs, annulling the resolutions of July 11, August 1, and September 5, 1911, and the action taken pursuant thereto, including the purchases of land, and enjoining further payments on said *938 purchases, under the resolution of August (should be September) 5, 1911.
Defendants have appealed.
Opinion — On Motion to Dismiss Appeal.
Plaintiffs move to dismiss the appeal, on the ground that the certificate of the clerk is insufficient. The certificate is not altogether as full as it should be, but there is no suggestion in the motion or otherwise that anything required for the decision of the case has been omitted from the transcript; we therefore, find no sufficient reason for dismissing the appeal.