## UNITED STATES RUBBER CO. v. TOWN OF BREAUX BRIDGE.

### No. 1558.

Court of Appeal of Louisiana. First Circuit.

Feb. 20, 1936.

F. Xavier Mouton, of Lafayette, for appellant.

Voorhies & Broussard, of St. Martinville, for appellee.

LE BLANC, Judge.

Plaintiff appeals from a judgment in the district court which dismissed its suit on an exception of no cause of action.

From the allegations of the petition, it appears that plaintiff claims to have sold fire hose to the defendant town as far back as the year 1920, for which it has not been paid. Three such separate sales are set out in the petition—one in November 1920, a second in April, 1922, and the third in August, 1929. It is alleged that the said sales were made under contracts entered into and signed by the mayor or acting mayor of the town of Breaux Bridge, and three contracts bearing dates corresponding with those stated in the petition are annexed to the petition as Exhibits A, B, and C. In addition to the balance of $1,491.40 it claims to be due under the contracts, plaintiff alleges that the defendant town is further indebted unto it in the sum of $37.30 on an open invoice also annexed to the petition, and which we note bears the date of April 20, 1925. The total demand made therefore is for the sum of $1,528.70, with interest and costs.

The exception of no cause of action was based on the lack of authority of the mayor to have purchased the fire hose in the manner as set out in plaintiff's petition; also on the ground that the obligations alleged to have been incurred were so incurred without any appropriations being made therefor or without any means having been provided for meeting them, contrary to the provisions of section 2448 of the Revised Statutes of this state and of Act No. 32 of 1902; and, lastly, on the failure of the plaintiff to have alleged that the defendant town had adopted a budget in those years in which the contracts were made as required by section 31 of Act No. 136 of 1898 and Act No. 32 of 1902.

It does not seem to be disputed that the defendant town is incorporated under the general municipal corporation act, known as the Lawrason Act, or Act No. 136 of 1898. In referring to the exercise of the various powers conferred on cities, towns, and villages incorporated under the act, section 14 provides that "the powers hereby granted shall be exercised by the mayor and board of aldermen of the respective cities, towns, and villages, as hereinafter set forth." The mayor therefore does not possess the authority to exercise any of those powers alone. He can only act with and under authority of the board of aldermen. He certainly has no power without some semblance of official authority from the board of aldermen to enter into a contract incurring a debt on the part of the city, town or village. Such authority is usually in the form of an ordinance or resolution adopted by the board of aldermen. The authority granted by section 16 of subdivision 8 of the act of 1898 to the mayors and boards of aldermen to provide for the prevention and extinguishment of fires and to organize and

maintain fire departments, etc., is only one of the many among the general powers conferred on those bodies. From that provision they derive authority under the law to have and maintain a fire department. But certainly the mayor cannot draw from that provision authority to act alone to bind the town to an obligation under a contract of the nature of those involved in this case. In the case of Chandler & Chandler v. City of Shreveport (La.App.) 162 So. 437, 439, it appears that the mayor had contracted with certain parties for a codification of the statutes of the city. The city derived its power to have such work performed from Act No. 16 of 1926. It even was shown in that case that, before the mayor acted, two of the other four commissioners had knowledge of the matter. No official action had ever been taken by the council, however, and, when the plaintiffs sought to enforce collection of their bill for the services rendered, their claim was rejected on the ground that the authority sought to be exercised by the mayor "could only be availed of by proper action on the part of the city council." An attempt was made to show that the contract had been ratified by some further action on the part of some of the members of the council, but the theory was rejected on the ground that an "unauthorized contract can be ratified only by party having power to contract in first instance." The proposition was advanced in that case also that the mayor was only exercising an authority which was incidental to some authorized matter or which arose out of some general agency, but all of this was also rejected; the court stating in the opinion handed down, that "the powers and duties of municipal officers are fixed by law. Persons dealing with them do so at their peril and must take notice of their limitations. The contract in question, involving an outlay of almost $2,000, was not an ordinary administrative affair, but a distinct, unusual, and important matter entitled to the attention of the council." None of those propositions are suggested from a reading of the petition in the case before us nor from the contracts annexed thereto. But, prompted as we were to consider them, as they are discussed in plaintiff's brief, we think that the statement of the court in the Chandler Case serves as a complete answer to all of them. The petition is clearly lacking in any allegation from which to infer any authority whatever on the part of the mayor to have entered into those contracts and bind the town by virtue of them.

Act No. 176 of 1916 is a statute which grants to villages and towns the express authority to purchase fire apparatus or appliances for protection from fire, but a mere reading of its provisions is sufficient to satisfy any one that they could not be invoked to uphold the contracts involved in this case. That act rather emphasizes the absolute necessity of action on the part of the board of aldermen, since it specifically prescribes that it is only after the mayor and board of aldermen shall have provided for all statutory charges and for other charges under contracts, as well as all necessary and usual charges provided for by ordinance or resolution, and they are of the opinion that the public interests of the village or town require better fire protection, that they shall have the power to purchase equipment not exceeding a certain sum and may issue certificates of indebtedness therefor.

But, if the foregoing considerations were not sufficient to sustain the exception of no cause of action, it would seem that plaintiff's suit must yet fall on the two other grounds urged thereunder. These may be considered together.

Under section 2448, Revised Statutes and Act No. 32 of 1902, as amended, as well as under section 31 of Act No. 136 of 1898, the defendant town in this case did not have the right to contract the debts sued on without in some manner providing for their payment. It if had been intended that they be paid out of the current revenues of the town, it was necessary that an appropriation be made for the same. If the intention was that they were to be paid out of the revenues of future years, again it would have been necessary for the board of aldermen to have provided for payment after allowing for statutory, necessary, and usual charges for the respective years in which each payment was to be made. Not only did the board of aldermen fail to do any of these things, but, as far as the petition discloses, no resolution or ordinance nor any sort of action was ever passed authorizing the purchase of this hose and the incurring of this indebtedness in any manner whatsoever.

On this point, the decisions of the Supreme Court in the cases of Dunham v. Town of Slidell, 139 La. 933, 72 So. 465, and Citizens' Bank v. Town of Jennings, 107 La. 547, 32 So. 66, are controlling. The

following excerpt from the latter of these cases do we find especially pertinent, as the debt therein involved was for the purchase of fire engines. Said the court: "Section 2448 of the Revised Statutes declares that the police juries of the several parishes and the constituted authorities of incorporated towns and cities in the state shall not have power to contract any debt or pecuniary liability without fully providing in the ordinance creating the debt the means of paying the principal and interest of the debt so contracted. * * * Repeated decisions have placed it beyond controversy that debts contracted in violation of this statute are stricken with nullity and incapable of judicial enforcement. Oubre v. Town of Donaldsonville, 33 La.Ann. [386] 387. The purchase of the engines in question was not an ordinary, current, administrative expense of the town of Jennings payable out of the annual appropriation of current revenues, as was the debt sued for and held collectible in Laycock v. City of Baton Rouge, 35 La.Ann. [475] 479. There was no estimate of receipts and expenditures which included the purchase of the engines, nor any allotment of a portion of the revenues of the year of the contract, or of future years, to the payment of their price, as was the case with respect to the debt sued for and held collectible in Louisiana & N. W. R. Co. v. Police Jury, 48 La.Ann. 331, 19 So. 282. Here the ordinance of the town contracted a debt and provided the funds to pay a small part of it, to wit:—$200, but made no provision whatever for the remainder and larger part, to wit:—$1,500, with 7% interest per annum. In this there was a palpable violation of the section of the Revised Statutes referred to, and this suit to enforce the terms of the contract, whether it be held to be an action on the note itself, or on the resolutions of the town council authorizing the purchase of the engines and accepting them after test, cannot be sustained."

It is to be observed that that decision was handed down years before the enactment of Act No. 176 of 1916, the act, which authorizes towns and villages to purchase fire equipment and specifically prescribes the formalities incidental thereto and the manner in which to incur indebtedness for that purpose. Construing the decision cited and its effect in connection with this later statute, we think that they both give added force and weight to the exception which was sustained in this case.

The judgment dismissing plaintiff's suit on the exception is correct, and is accordingly affirmed.