LOTTINGER, Judge.
This is a suit by P. W. Comeaux and his wife, as petitioners, against the Board of Trustees of the School Employees Retirement System, as defendant, to determine the eligibility of Mrs. Georgia L. Comeaux for retirement benefits under the provisions of R.S. 17:881, et seq. The Lower Court rendered a judgment in favor of petitioners and against the defendant, giving to Mrs. Comeaux credit for service as an employee of the East Baton Rouge Parish School System for the years 1934 through 1945, and declaring her as entitled to full retirement benefits. The defendant has taken this appeal.
The facts, which are not in dispute, disclose that during the year 1967, Mrs. Georgia Comeaux applied for retirement from the defendant retirement system after a lengthy career as a school bus driver. She recited as years of service, 1934 through 1945 and 1947 through 1967. Her retirement was recognized on this basis by the defendant for awhile, but was later revoked when the School Board records revealed that she was not under contract for the period from 1934 through 1945.
Prior to that time her husband had been appointed as a bus driver by the local School Board and he drove a bus owned by him and his wife. During the year 1934, Mr. Comeaux received other employment, and he and his wife went to the Parish Superintendent of Education for *299 permission to let Mrs. Comeaux drive the bus. Permission was granted, but no new contract was made and all checks were made payable to Mr. Comeaux for the 1934 through 1945 period, even though Mrs. Comeaux drove regularly and continuously during this time. During this time the contract of the School Board was with Mr. Comeaux. Subsequently, the contract was given to Mrs. Comeaux for the period from 1947 through 1967.
The Trial Court held that Mrs. Comeaux was entitled to service credit for services actually performed with the knowledge and consent of the local School Board, for the years 1934 through 1945, notwithstanding the absence of a contract and ordered her reinstatement at full retirement benefits. It was the opinion of the Lower Court that the applicable statutes relative to prior creditable service should be broadly construed so as to achieve the legislative intent of rewarding those who had worked for the school system. The defendant has taken this appeal urging strict statutory construction and denying that Mrs. Com-eaux was an employee during the period from 1934 through 1945.
The question, therefore, to be determined, is whether or not Mrs. Comeaux was an employee of the School Board, under the intent of the law, for the period during 1934 through 1945. If she is held to be an employee, she qualified for retirement.
There is no question but that she was not under contract with the School Board during the said period, however, the Superintendent and several members of the School Board testified that they had knowledge that she was driving the bus, and there is no question but that she was, in fact, driving the bus owned by her husband during said term.
R.S. 17:158 grants the School Board the authority to employ school bus drivers, as follows:
“Parish school boards may provide transportation for children attending any school of suitable grade approved by the state board of education and living more than one mile from such school; and for that purpose parish school boards may employ school bus operators as hereinafter defined in R.S. 17:491.”
R.S. 17:491, defines school bus operators as follows:
“As used in this Sub-part, the term ‘school bus operator’ means any employee of any parish school board whose duty it is to transport students to and from any school of suitable grade approved by the state board of education, and who has attained the age of twenty-one years.” (Emphasis supplied)
The resolution of the question presented is primarily within the terms of the statutes relating to the granting of prior service credit, because without a statutory basis for prior service credit none would be allowed to an employee. The statute which provides prior service credit to members of the School Employees’ Retirement System is R.S. 17:901.2 which, in pertinent part, provides as follows:
“Any member of the Louisiana School Employees Retirement System may receive credit for service as' an employee as defined in R.S. 17:882 provided he meets the requirement set forth below:
* * * * * *
(2) Service prior to 1947-1948 school year is considered prior service. Credit as a school bus driver, school janitor, school custodian or school maintenance employee and/or for service rendered in any state agency in Louisiana, and/or for service rendered for any parish or city school board of the State of Louisiana, shall be allowed without cost to the member for prior service.” (Emphasis supplied)
R.S. 17:882 defines employee and employer as follows:
“As used in this Part, the following words and phrases shall have the meaning ascribed to them in this section unless *300 a different meaning is plainly required by the context:
“ ‘Employee’ means any person legally occupying a position as a school bus driver who actually renders a service by driving a school bus during the full time of his employment, a school janitor, a school custodian or a school maintenance employee and who is an employee of a parish or city school hoard of the State of Louisiana, and shall include the employees of this retirement system.
“ ‘Employer’ means the State of Louisiana or any parish or city school board from which any employee receives his compensation.” (Emphasis supplied)
Section 901.2 was passed by the Legislature in the Regular Session of 1965 being a portion of Act 79. The title of Act 79 in pertinent part provides that the School Employees’ Retirement System law was being amended by the amendment of certain sections and by the addition of “another new Section to be designated as Section 901.2 in Sub-part C relative to prior service credit and in service credit to permit any member of the Louisiana School Employees Retirement System to receive credit in said system for service as an employee as defined in R.S. 17:882, to further provide that said member may receive credit for service rendered while in the employ of any state agency and/or any parish or city school board in the State of Louisiana.” (Emphasis supplied)
It should be noted that a legislative act may not have an object broader than its title (La.Constitution Article III, Section 16.) Thus it is clear that the object of Act 79 in providing for prior service credit, was to provide prior service credit based upon service rendered by a school bus operator while in the employ of a parish school board. The statute itself is clear and free from ambiguity in stating expressly what prior service is to be considered as the basis for credit toward the retirement of a member of the retirement system. Section 901.2 provides that the member may only receive credit for service as an employee as defined in Section 882 which latter section requires that the service must have been rendered by a person legally occupying a position as a school bus driver as an employee of a parish school board.
In Murry v. Union Parish School Board, La.App., 185 So. 305, the Court was faced with the question of determining whether an individual who had been selected by a School Board member, according to custom, and who had been given a written contract by the Superintendent of Education, which contract was never submitted to nor ratified by the School Board, was legally an employee of the School Board. The suit was filed by the individual to recover damages against the School Board, and an exception of no cause or right of action was filed by the School Board claiming that the individual was never employed by the School Board. In that case, holding that the school was not estopped to deny the illegality of the contract, the Court said:
“It is true the plea of estoppel was not urged in the Poole Case, [Poole v. LaSalle Parish School Board, La.App., 183 So. 182] but it can be of no avail to plaintiff here for the reason the jurisprudence of this state is well settled and rightfully so that political bodies are not estopped by the unauthorized and illegal acts of their officers. School boards possess only delegated powers defined by statute and are not free to act as individuals, and it is not within the scope of their authority to ratify that which originally had no existence, such as a void contract. Brown v. St. Bernard Parish School Board, 14 La.App. 460, 131 So. 760; State v. Louisiana Cypress Lumber Company, 144 La. 559, 80 So. 722; and cases cited therein; Whitney v. Parish of Vernon, 126 La. 13, 52 So. 176.”
Furthermore, in Ellis v. Acadia Parish School Board, 211 La. 29, 29 So.2d 461, our Supreme Court said:
“School Boards possess only delegated powers defined by statutes and are not *301 free to act as individuals and can do no act beyond the special powers delegated to them.”
There is no question, therefore, that to be an employee within the provisions of said statutes and jurisprudence of this State, the individual must be employed by the School Board. The employment by the Superintendent or any individual member of the School Board does not suffice to bring him within the realm of an employee of the School Board. We feel, therefore, that Mrs. Comeaux was not an employee of the local School Board during the period from 1934 through 1945, and, therefore, hold that the Lower Court committed error in so designating her.
For the reasons hereinabove assigned, the judgment of the Lower Court will be reversed. All costs of Court and of this appeal to be paid by petitioners.
Judgment reversed.