COVINGTON, Judge.
This is a devolutive appeal from a judgment of the District Court in favor of the defendant, Board of Trustees of Louisiana School Employees Retirement System, dismissing the claim of plaintiff, Dewey Smith, for retirement benefits from the Louisiana School Employees Retirement System. We affirm.
The record shows that on May 5, 1955, the plaintiff commenced employment with the Washington Parish School Board as a school bus driver. He applied for membership in the retirement system and his creditable service began on July 2, 1956. He sustained a disqualifying injury in July of 1964. During the 1964-1965 school year, the plaintiff personally drove his school bus 30% of the 180 day school year. For the balance of that year, the plaintiff hired a substitute driver. In addition, the plaintiff employed a substitute driver during the 1965-1966 school year, although Mr. Smith remained in the employ of the School Board. In his final year of employment, the 1966-1967 school year, he remained as an employee of the School Board, but his paychecks were paid directly to the substitute driver who actually did the bus driving. On March 20, 1967, the substitute driver was hired by the School Board as the regular school bus driver in place of Mr. Smith.
The plaintiff applied for retirement benefits on April 20,1966, which application was approved, effective as of June 1,1966. The retirement system paid Mr. Smith a total amount of $838.20 through April 19, 1967, when the benefits were terminated upon the retirement system’s learning that the plaintiff was still being paid by the School Board and that he was not actually the driver of his school bus. Thereafter, the plaintiff sued for restoration of payments under the Bus Drivers Retirement Plan. After trial, the District Court denied the demands of Mr. Smith.
The trial court concluded that at the time the plaintiff applied for benefits on April 20, 1966, he was not actually driving his school bus. Since he was not actually driving it, the court found that he was not a “school bus driver”; hence, the plaintiff could not be considered as a “member” within the meaning of LSA-R.S. 17:882(14). The trial court then held that Mr. Smith was not eligible for benefits under LSA-R.S. 17:914, because he was not a “member” of the retirement system at the time of his application for benefits. On appeal, appellant contends that the stipulation in the pretrial order, Item IV 6, that Dewey Smith was a “member in service” with in excess of five (5) years creditable service is a judicial confession which is controlling in the court. It is a conclusion of law; matters of law are determined by the court and not by the parties.
There is no merit in the plaintiff-appellant’s contention on appeal that Cheatham v. City of New Orleans, 378 So.2d 369 (La.1979), is dispositive of the instant case in that the retirement system stipulated that Mr. Smith was a “member in service” and can not now be heard to deny his entitlement to retirement benefits. In Cheatham the situation was that the defendants had not questioned the issue of “course and scope of employment” of the police officers involved during the trial, on application for new trial, or in the court of appeal in their original brief. It was not until the Court of Appeal requested supplemental briefs that any of the defendants raised the question of course and scope of the officer’s employment during the incident giving rise to the action. The Court of Appeal found that it was too late to raise that question under the circumstances of that particular case. The circumstances of the instant case differ from the Cheatham case. The issue in the instant case as to whether or not Mr. Smith was a “member” of the retirement system was raised in defendant’s answer in the trial court, particularly in paragraph 12 thereof, which avers that Mr. Smith was not “entitled to be a member of the system” for specific reasons that were stated in the answer.
The averment of non-eligibility as a member was reiterated in the pre-trial order when the defendant claimed that Mr. *1293 Smith was not entitled to benefits due to his not having actually been the bus driver for some time previous to his application for benefits. The parties offered evidence on the issue and the trial court ruled specifically on the issue. We find the Cheatham case inapplicable to the instant case.
We agree with the well-reasoned opinion of the trial judge and adopt his written reasons for judgment as our own, and attach them as Appendix A.
For the foregoing reasons, the judgment is affirmed at the appellant’s costs.
AFFIRMED.
APPENDIX A
DEWEY SMITH NUMBER 200,650, DIVISION “J”
VERSUS 19TH JUDICIAL DISTRICT COURT
THE BOARD OF TRUSTEES PARISH OF EAST BATON OF THE LOUISIANA SCHOOL ROUGE EMPLOYEES’ RETIREMENT STATE OF LOUISIANA SYSTEM

WRITTEN REASONS FOR JUDGMENT
STEVE A. ALFORD, Judge.
The plaintiff, Dewey Smith, a retired school bus driver, filed this suit against the defendant, The Board of Trustees of the Louisiana School Employee’s Retirement Systems, to restore payments under the Bus Drivers Retirement Plan. The Board ceased paying Mr. Smith retirement benefits in April, 1967. The basis of the Board’s denial was that Mr. Smith was not entitled to receive benefits under the applicable provisions of state law. The circumstances surrounding the lawsuit are as follows.
Mr. Smith began employment with the school board on May 5, 1955. He applied for entrance into the retirement system and his creditable service began on July 2,1956. The disqualifying injury occurred in July of 1964. Mr. Smith applied for retirement benefits on April 20, 1966, and the application was approved on March 20,1967, retroactive to June 1, 1966. Payments were made in the total amount of $838.20 before the retirement benefits were terminated on April 19,1967. Also relevant is Mr. Smith’s driving record during the years immediately after his accident and prior to his retirement. During the 1964-65 school year, Mr. Smith actually drove the bus only 30% of the 180 day year. A substitute driver operated the bus during the remainder of the year although Mr. Smith remained in the employ of the Washington Parish School Board. Again, in the 1965-66 school year Mr. Smith had a contract of employment with the school board, but he employed a substitute driver to actually drive the bus. In his final year of employment, the 1966-67 school year, Mr. Smith remained employed by the Washington Parish School Board even though the paychecks were turned over to the substitute driver who actually operated the bus. On March 20, 1967 the substitute driver was hired by the school board as the full time driver.
Two issues are presented to the court for resolution. The first issue is whether the plaintiff is entitled to any retirement benefits under the act establishing the Louisiana School Employees’ Retirement System. The second question is, if the plaintiff is entitled to benefits, should a credit be given for the $838.20 previously paid by the Retirement System.
Eligibility for benefits under the Louisiana School Employees’ Retirement System is determined according to LSA-R.S. 17:914. That statute provides:
LSA-R.S. 17:914. Disability retirement benefits, application for; eligibility.
Upon the application of a member in service or his employer, any member who has had five or more years of creditable service may be retired by the board of trustees, not less than thirty and not more than ninety days next following the date of filing such application, on a disability retirement allowance, provided that the medical board, after a medical examination of such member, shall certify that such member is mentally or physically incapacitated for the further performance of his duty; that such incapacity is likely to be permanent; and that such member should be retired.
*1294 As pointed out by the plaintiff, there are four elements essential to a valid claim for benefits:
(1) An application must be made;
(2) The applicant must be a “member in service”;
(3) The applicant must have five or more years of creditable service; and
(4) The medical board must certify, after an examination, that the member is disabled, that his disability is permanent and that the member should be retired.
If any of the four elements are not satisfied, the applicant is not entitled to benefits.
There is no question that an application was made since the application is in the record. The serious question in this case is whether Mr. Smith met the second requirement of the statute that he be a “member in service”. “Member” is a defined term under the statutory provisions governing the Retirement System. Under LSA-R.S. 17:882(14), as effective at the time of plaintiff’s retirement, member is defined as “any school bus driver, school janitor, school custodian or school maintenance employee included in the membership of the system .”. If Mr. Smith was a school bus driver within the meaning of that statute, then he is now entitled to retirement benefits. Thus, the precise question for resolution by this court is does an individual have to actually drive a school bus in order to be a school bus driver within the intendment of LSA-R.S. 17:882(14). Although there is no jurisprudence dealing directly with the question, the Attorney General issued an opinion on a similar matter, (see Op.Atty. Gen., 1946-1948, p. 952). The attorney general expressed the opinion that the word “driver” can only mean one who actually drives a bus. In Comeaux v. School Employees’ Retirement System, 241 So.2d 298, (La.App.1970) the court suggested, albeit in dicta, that both an employment contract and actual driving were requisites for a school bus driver to qualify for benefits. In addition, the legislative intent on the matter clearly expressed in the 1970 amendment of LSA-R.S. 17:882. In Section (11) of that statute “employee” was redefined, in part, to mean “any person legally occupying a position as a school bus driver who actually renders a service by driving a school bus during the full time of his employment . . . .”. Even though that provision was not in effect at the time of the present plaintiff’s retirement, it is a clear expression of legislative intent.
Mr. Smith applied for benefits on April 20, 1966. At that time he was not actually driving the bus. Since he was not actually driving a bus he was not a “school bus driver”, and, therefore, was not a “member” as defined in LSA-R.S. 17:882(14). Since he was not a member at the time of his application for benefits, he is not eligible for benefits under LSA-R.S. 17:914.
The court need not reach the second issue concerning the offset of the $838.20 paid in error as the plaintiff is not entitled to benefits at all.
For the foregoing reasons it is ordered, adjudged and decreed that judgment be rendered in favor of the defendant, The Board of Trustees of the Louisiana School Employees Retirement System, and against the plaintiff, Dewey Smith, dismissing plaintiff’s suit at his costs.
Baton Rouge, Louisiana, this 5th day of November, 1979.