Dear Mr. Caswell:
We received your request for an opinion on behalf of the Acadia Parish School Board. The Board questions whether or not a household fee or assessment would be considered a "property tax" for purposes of Level 2 Incentive for Local Effort in the Minimum Foundation Program. Senate Concurrent Resolution No. 139 of the 2001 Regular Session, Section II Level 2 Incentive for Local Effort, provides in pertinent part as follows:
II. Level — 2 — Incentive for Local Effort
A. Level 2 Eligible Local Revenue
 1. Local Revenue Over Level 1 Local Share: Prior year revenues from Sales Tax, Property Tax (Including Debt Service), State and Federal Revenue in Lieu of Taxes, and 50 % of Earnings on Property
 Base Foundation Level 1 Local Cost Local Revenue Over Level 1 Local Share (emphasis added)
In conjunction with the above referenced Resolution, the Acadia Parish School Board is considering levying a household fee or assessment on each dwelling, commercial or residential, in the Parish. This fee would be a fixed sum that is not based upon the value of the property at issue. Your request raises several issues which must first be addressed. The essential issue is whether or not the Board has authority to levy such a fee or assessment.
Article 8, Section 13 (C) of the Louisiana Constitution of 1974 provides as follows:
 Local funds for the support of elementary and secondary schools shall be derived from the following sources:
 First: Each parish school, Orleans parish excepted, and each municipality or city school board actually operating, maintaining, or supporting a separate system of public schools, shall levy annually an ad valorem maintenance tax not to exceed 5 mills on the dollars of assessed valuation on property subject to such tax within the parish or city, respectively.
 * * *
 Third: For giving additional support to public elementary and secondary schools, any parish, school district, or subschool district, or any municipality or city school board which supports a separate city system of public schools may levy an ad valorem tax for a specific purpose, when authorized by a majority of electors voting in the parish, municipality, district or subdistrict in an election held for that purpose. The amount, duration, and purpose of the tax shall be in accord with any limitation imposed by the legislature. (Emphasis added)
Additionally, Article 6, Section 29 of the Louisiana Constitution of 1974 authorizes school boards to levy and collect a tax upon retail sales of tangible personal property if such is approved by a majority of the electors voting thereon.
Clearly, the constitution empowers the Acadia Parish School Board to levy ad valorem taxes and sales taxes as outlined above. Based upon the information in the request, the fee at issue is not at all a sales tax; it is a property tax. A tax on property can be classified in one of two ways. The tax may be either specific or ad valorem in application. A specific tax is imposed as a fixed sum on each parcel of property without regard to its value. The term "ad valorem" means according to value. An ad valorem tax, therefore, is in the form of a percentage of the value of the property at issue. Acorn v. City of New Orleans, 377 So.2d 1206(La. 1979).
In light of the above, it is our opinion that the household assessment or fee being considered by the Board is a specific tax. It is not based on the value of the property but rather is a fixed sum without regard to the value of the property. As outlined in the constitution, the Board is only empowered to levy ad valorem property taxes. We are unaware of any source of authority, constitutionally or statutorily, which would allow the Board to levy such an assessment. School boards possess only those powers, which are delegated to them by law. Ellis v. Acadia Parish SchoolBoard, 29 So.2d 461 (La. 1946). See also, Calloway v. Ouachita ParishSchool Board, 158 So.2d 360 (La.App. 2d Cir. 1963, and Comeaux v. SchoolEmployees Retirement System, 241 So.2d 298 (La.App. 1st Cir. 1970).
Accordingly, it is our opinion that the terms "property tax" as used in Senate Concurrent Resolution No. 139 of the 2001 Regular Session regarding local support in the Minimum Foundation Program can only mean an ad valorem property tax because that is the only type of property tax the Board is authorized to levy.
We trust that this adequately responds to your request. If you have any questions or comments, please contact our office.
With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dam
Date Released: April 23, 2002